UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-29-FDW

| | |
|---|---|
| WILLIAM JAMES THOMAS MORRISON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CALDWELL COUNTY JAIL )<br>MEDICAL DEPARTMENT, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

**I.     BACKGROUND**

Pro se Plaintiff William James Thomas Morrison is a North Carolina state court inmate currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. Plaintiff alleges that on May 19, 2011, while he was a pre-trial detainee, medical staff at the Caldwell County Jail failed to properly treat him for a spider bite on his leg, resulting in "physical damages." Plaintiff states that he is bringing claims for "medical malpractice," "lack of medical treatment," and "assault." Plaintiff also appears to be complaining about the conditions at the jail, as he refers in the Complaint to "sanitation and personal hygiene" and alleges that the jail was infested with roaches and mice.

The Court first notes that, as to Plaintiff's application to proceed in forma pauperis, Plaintiff's inmate trust account statement shows that as of March 10, 2014, Plaintiff had $0.00 in

1

his inmate trust account. (Doc. No. 2 at 6). As Plaintiff does not have sufficient funds to pay the filing fee, Plaintiff's application to proceed in forma pauperis is granted.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The sole Defendant in this action is the Caldwell County Jail Medical Department. The Caldwell County Jail Medical Department, however, is not a distinct legal entity capable of being sued, nor is a jail's medical department a "person" within the meaning of 42 U.S.C. § 1983. See FED. R. CIV. P. 17(b). Therefore, this action must be dismissed. The action will be dismissed, however, without prejudice to Plaintiff to file an action against persons or entities capable of being sued in a Section 1983 action.[1] Plaintiff is on notice, however, that a three-year statute of limitations will most likely bar him from bringing his claims if he files an action after

---

[1] Plaintiff states in the Complaint that he "ha[s] to get the names that worked" at the jail on the date he was treated for the spider bite. Plaintiff is free to refile the Complaint against the individuals who treated him once he finds out their names, but the Complaint must be dismissed at this time because the "Caldwell County Jail Medical Department" is simply not an entity legally capable of being sued. The Court puts Plaintiff on notice, furthermore, that his claims as alleged in the Complaint are likely subject to be dismissed for failure to state a claim if he re-files this action against the proper defendants. First, as to the jail's alleged failure on May 19, 2011, to properly treat Plaintiff's spider bite, Plaintiff's allegations in their current form do not state a claim for deliberate indifference to a serious medical need. Next, as to Plaintiff's allegations regarding jail conditions, the allegations as presented do not appear to show conditions that rise to the level of a constitutional violation.

May 19, 2014.

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses this action.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice.

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED**.

Signed: March 20, 2014

Frank D. Whitney
Chief United States District Judge